United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:14-825 |
| | § | CIVIL NO. 2:16-259 |
| LAZARO COOPER, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Lazaro Cooper filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court recharacterized as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 21, 22. Movant thereafter filed an amended § 2255 motion reiterating his *Johnson* claim. D.E. 24. Now pending before the Court is the United States' motion for summary judgment (D.E. 28), to which Movant has not responded. For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

**I. Background**

On January 8, 2015, Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 20 under 18 U.S.C. § 922(g)(1) and U.S.S.G. § 2K2.1(4)(A). After credit for acceptance of responsibility, his total offense level was 17. With a criminal history category of V, his advisory guideline range was 46 to 57 months in custody. At sentencing, the Court adopted the findings of the PSR

and sentenced Movant to 46 months' imprisonment, to be followed by three years' supervised release. Judgment was entered on April 20, 2015. Movant filed the present motion on May 20, 2016. It is timely. *See* 28 U.S.C. § 2255(f)(3).

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## III. Movant's Allegations

Movant's amended § 2255 motion alleges in its entirety:

> The conviction for possessing a firearm in furtherance of a crime of violence, 18 U.S.C. §924(c), cannot withstand scrutiny. The proposed petition contends that the rule in

> <u>Johnson</u> applies to 18 U.S.C. § 924(c)'s residual clause, and without that clause that federal offense of <u>18:922G.F-UNLAWFUL TRANSPORT OF FIREARMS, ETC.</u>, is no longer a crime of violence.

D.E. 24, p. 7 (emphasis in original).

### IV. Analysis

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

Here, Movant is not challenging his sentence under the ACCA's residual clause. Instead, he is challenging his sentence under 18 U.S.C § 922(g)(1), the statute under which he was convicted. Because Movant was not sentenced as an armed career criminal, *Johnson* has no relevance to his sentence, and his § 2255 motion has no merit.

### V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 28) is **GRANTED**, and Movant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 24) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** this _____ day of _____10/3/16_____, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE